```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT
```

DOUGLAS HENRY THORNTON
                                   PRISONER CASE NO.
   v.                            3:12-cv-760 (JBA)

WARDEN, ET AL.

## ORDER

The plaintiff, Henry Douglas Thornton, was incarcerated at Bridgeport Correctional Center when he filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. Department of Correction records reflect that the plaintiff is no longer incarcerated.[1] On June 18, 2012, the court informed the plaintiff that Local Rule 83.1(c)2 required him to notify the court if his address changed at any time during the litigation of the case. The court cautioned the plaintiff that his failure to notify the court of his change of address could result in dismissal of his case.

Under 28 U.S.C. § 1915, the court may dismiss any portion of the complaint that either "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* Prisoners are required to exhaust their administrative remedies before commencing an action in federal court and must

---

[1] This information may be found at: http://www.ctinmateinfo.state.ct.us (last visited November 6, 2012).

comply with all procedural rules regarding the grievance process. *See Woodford v. Ngo*, 548 U.S. 81, 83-85 (2006).  **Completion of the exhaustion process after a federal action has been filed does not satisfy the exhaustion requirement**.  *See Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001).

Failure to exhaust administrative remedies is an affirmative defense.  *See Jones v. Bock*, 549 U.S. 199, 216 (2007).  A court may, however, dismiss a complaint for failure to state a claim where the allegations on the face of the complaint establish that it is subject to dismissal, even on the basis of an affirmative defense.  *See id.* at 213-16 (acknowledging that court may dismiss a complaint *sua sponte* where an affirmative defense is apparent on the face of the complaint).

The timing of the events set forth in the complaint suggest that plaintiff could not have fully exhausted his administrative remedies prior to filing this lawsuit.  If that is true, the complaint must be dismissed.

The plaintiff asserts that he is from Maryland and that he entered Bridgeport Correctional Center on March 28, 2012.  (*See* Doc. No. 5.)  He further alleges that Correctional Officers confiscated his personal property and he was not been allowed to attend the law library; the food was cold, dirty and unhealthy; he was forced to sleep on the floor of the gym because of overcrowding; the showers, medical treatment and medication were

"poor"; and the facility was cold and he was not given a blanket. The plaintiff seeks monetary damages and injunctive relief.

The administrative remedies for the State of Connecticut Department of Correction are set forth in Administrative Directive Chapter 9.6, entitled Inmate Administrative Remedies. The Inmate Grievance Procedure provides an administrative remedy for all matters subject to the Commissioner's authority that are not specifically identified in Sections 4(B) through 4(I) of the directive.  The plaintiff's claims regarding conditions of confinement at Bridgeport Correctional are grievable pursuant to Administrative Directive Chapter 9.6, Sections 4 and 6.  *See* Administrative Directive Chapter 9.6, Sections 4(A) and 6(B), www.ct.gov/doc/cwp/view.asp?a=1492&Q=450576&docNav=|.

Pursuant to Administrative Directive Chapter 9.6, an inmate must first seek informal resolution of the issue prior to filing a grievance.  The appropriate staff member should respond to the written request within fifteen days of receipt of the request. If informal resolution is unsuccessful or the staff member fails to respond to the request in a timely manner, the inmate must file a Level 1 grievance.  The Unit Administrator has thirty business days from receipt of the grievance to respond to it.  If the Level 1 grievance is denied or rejected or if the Unit Administrator fails to timely respond to the grievance, the

inmate must appeal the denial or failure to respond to Level 2. A District Administrator must respond to the Level 2 appeal within thirty business days of receipt of the appeal.  Level 3 appeals are limited to certain types of grievances relating to department level policy, the integrity of the grievance procedure and untimely responses to Level 2 grievances.  The Commissioner or his or her designee must respond to a Level 3 grievance appeal within thirty business days of receipt of the appeal.  *See id.* at Section 6(A)-(L).

Matters relating to the provision of health services to inmates are grievable and are addressed in Administrative Directive Chapter 8.9, entitled Health Services Review.  *See id.* at Section 4(K).  Pursuant to Administrative Directive 8.9, an inmate seeking review of a medical decision regarding the diagnosis or treatment or lack of a diagnosis or treatment of a medical condition, must apply for a Health Services Review by filling out an Inmate Administrative Remedy Form, CN 9602.  *See* Administrative Directive Chapter 8.9, Sections 9-11, www.ct.gov/doc/cwp/view.asp?a=1492&Q=450576&docNav=|.

The plaintiff states that the defendants did not respond to his administrative remedies.  The plaintiff's complaint is dated May 14, 2012, and was received by the court on May 17, 2012. Considering the date the plaintiff arrived at Bridgeport Correctional Center, March 28, 2012, and the time periods set

forth in the Administrative Directives described above, it is apparent that there was insufficient time for plaintiff to have fully exhausted his claims prior to filing this lawsuit.

The Second Circuit has cautioned the district courts not to dismiss a case *sua sponte* without first ensuring that plaintiff has notice and an opportunity to be heard.  *See Abbas v. Dixon*, 480 F.3d 636, 639-40 (2d Cir. 2007); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999)(requiring district court to afford prisoner notice and opportunity to demonstrate that he has exhausted his available remedies).  Accordingly, the Court directs the plaintiff to file a notice explaining to the Court why this case should not be dismissed for failure to fully exhaust his administrative remedies **before** filing this action. Any such dismissal would be without prejudice to plaintiff re-filing this action after fully exhausting his administrative remedies.

The plaintiff shall attach to his notice copies of the documents showing exhaustion of his claims.  In addition, the plaintiff shall include in the notice his current mailing address as required by Local Rule 83.1(c)2 and explain why he failed to notify the court of his change of address in a timely manner. The plaintiff shall submit the notice within **twenty (20)** days from the date of this order.  Failure to provide a notice including his current address and evidence of exhaustion within

the time provided will result in the dismissal of this action without any further notification from the court.

**SO ORDERED** this 9th day of November 2012, at New Haven, Connecticut.

 /s/ Joan G. Margolis, USMJ  
JOAN G. MARGOLIS  
UNITED STATES MAGISTRATE JUDGE
